IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-2928

ROGER CAMBOR, an individual,

    Plaintiff,

v.

TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION A/K/A TOYOTA FINANCIAL SERVICES SECURITIES USA CORPORATION A/K/A TOYOTA FINANCIAL SERVICES CDE CORPORATION, a Delaware corporation, Headquarters in California, and GC SERVICES LIMITED PARTNERSHIP, Headquarters in Texas,

    Defendants.

## COMPLAINT FOR DAMAGES AND JURY DEMAND

    Plaintiff, Roger Cambor, M.D. through counsel at the law firm of COOPER & CLOUGH, P.C., complains against Defendants, Toyota Motor Corporation and GC Services Limited Partnership, as follows:

### GENERAL ALLEGATIONS

    1.    The conduct complained of in this action occurred in Boulder County, State of Colorado, the State of Texas, and the State of California and the United States District Court for the District of Colorado is therefore the appropriate venue for this action.

    2.    Dr. Roger Cambor ("Plaintiff") leased a 2007 Toyota Highlander ("Toyota") from Toyota Motor Corporation.

    3.    Subsequent to leasing the Toyota from Toyota Motor Corporation, on September 20, 2011, Plaintiff relinquished the vehicle to Mr. Kotsaftis at GO Motors, an agent of Toyota Motor Corporation, and the following events transpired:

        a.    Mr. Kotsaftis, an agent of Toyota Motor Corporation, took possession of Plaintiff's Toyota vehicle;

b. Mr. Kotsaftis was a known agent of Toyota Motor Corporation, as Plaintiff and his wife had used him in the past to terminate a lease on Plaintiff's wife's vehicle successfully;

c. Mr. Kotsaftis tendered $5,756.69 in the form of a check to Plaintiff to pay him the equity of the Toyota relinquished to GO Motors;

d. Mr. Kotsaftis made an agreement with Plaintiff to terminate the lease, as was appropriate with the vehicle being relinquished to him and agreed to pay Toyota the remainder of the lease with the plan of re-leasing or selling the vehicle;

e. Upon information and belief, Mr. Kotsaftis paid Toyota Motor Corporation $1,000 on the debt for the Toyota at issue, further showing that he was acting as an agent for Toyota Motor Corporation after the Toyota was relinquished by Plaintiff;

f. Upon information and belief, Mr. Kotsaftis never paid Toyota Motor Corporation the remainder of the debt, as was his obligation at this time, not Plaintiffs;

g. Mr. Kotsaftis was subsequently charged with 62 criminal felony violations, one of which involved the Toyota at issue, for taking the funds for his own personal use and was sentenced to six (6) years in the Department of Corrections;

h. Upon information and belief, Toyota Motor Corporation negotiated with Mr. Kotsaftis' attorney concerning restitution but rejected the offer made by Mr. Kotsaftis;

i. Because of the criminal acts by Toyota's agent, Mr. Kotsaftis, and because of Toyota reporting the balance due as an undisputed debt owed by Plaintiff, Plaintiff's credit score has gone from an A++ to a D rating per his credit report;

j. After being contacted by Plaintiff regarding the criminal acts and conviction of its agent, Mr. Kotsaftis, Toyota Motor Corporation refused to cancel the remainder of the lease on the Toyota, *even though Plaintiff no longer possesses the vehicle and it was involved in a criminal act by an agent of Toyota Motor Corporation*;

k. Toyota Motor Corporation changed the debt from "disputed" to active and has still not cancelled the debt that is severely damaging Plaintiff's credit;

l. Toyota Motor Corporation has repeatedly sent letters to Plaintiff demanding that he pay off the remainder of the lease that he does not owe at this point, having no possession of the car and having relinquished it to an agent of Toyota's;

    m.    Toyota Motor Corporation has turned Plaintiff's remaining lease over to a collection agency, GC Services Limited Partnership, who itself has continued to harass Plaintiff for payments on the lease he does not owe and cause him distress, financial hardship, and continued credit issues; and

    n.    The actions of Toyota Motor Corporation and its agent, Mr. Kotsaftis, Plaintiff has suffered severe financial turmoil.

## FIRST CLAIM – FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

1. Plaintiff incorporates the averments in paragraphs 1 through 5 in this Complaint as though fully set forth at this point.

2. Plaintiff is a consumer under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a(3). Plaintiff consumer is a resident of Colorado and entered into the contract resulting in the disputed debt which is the subject of this Complaint in Colorado.

3. Defendants are creditors under the Fair Debt Collection Practices Act.

4. The subject of the transaction in dispute was primarily for personal purposes and has not been reduced to judgment.

5. Plaintiff has previously notified Toyota Motor Corporation that this debt is disputed and that he wishes the Defendants to cease further communication and to convey to Plaintiff the steps they have taken to undo the damage to Plaintiff's credit as set forth below.

6. Defendants have violated the terms of the Fair Debt Collection Practices Act by falsely reporting Plaintiff's owed money to them on a disputed debt, thereby causing the following damages to be incurred by Plaintiff:

    a.    His credit rating has been changed from A++ to D;

    b.    Spending limits have been placed on previous credit accounts as a result of poor credit scores reported by Defendants to credit reporting agencies;

    c.    After being advised the debt was disputed and that Plaintiff demanded the adverse credit reports be corrected, Defendants have failed and refused the requests.

7. Plaintiff is entitled to an award of $1,000.00 per violation together with his costs and reasonable attorney's fees.

8. Plaintiff additionally requests damages pursuant to Subsection (a)(2)(A) for frequency, persistence and intentional non-compliance with the terms of the Act.

3

## SECOND CLAIM – FAIR CREDIT REPORTING ACT VIOLATIONS

1. Plaintiff incorporates the averments in paragraphs 1 through 5 in this Complaint as though fully set forth at this point.

2. Plaintiff is a consumer under the Fair Credit Reporting Act, 15 U.S.C. § 1681a. Plaintiff consumer is a resident of Colorado and entered into the contract resulting in the disputed debt which is the subject of this Complaint in Colorado.

3. Defendants caused to be submitted to the Credit Reporting Bureau a "consumer report" as defined under 15 U.S.C. § 1681a as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation..." Defendants qualify as consumer reporting agencies under the Fair Credit Reporting Act.

4. Under 15 U.S.C § 1681c "if a consumer reporting agency is notified pursuant to section 623(a)(3) [§ 1681s-2] that information regarding a consumer who was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information."

   a. The Defendants have not done so, and this has caused Plaintiff to suffer adverse effects to his credit score.

   b. Plaintiff has also suffered general damages, inability to obtain financing, and emotional distress as a result of Defendants' actions.

5. Under 15 U.S.C. § 1681e, "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates."

   a. The Defendants have not been accurate in the information provided in their consumer reports and have damaged Plaintiffs credit report and other aspects of his life in the process.

6. Plaintiff meets the definition of a "victim" under the Fair Credit Reporting Act as being "a consumer whose means of identification or financial information has been used or transferred...without the authority of that consumer, with the intent to commit, or to aid or abet, an identity theft *or a similar crime*." (emphasis added). With regards to victims under this Act, once a victim timely reports that they have been a victim to a similar crime to identity theft, the consumer reporting agency, Defendants in this case, have certain obligations to the victim, Plaintiff, in which they have not even attempted to honor.

   a. Defendants' failure to honor the requirements to a victim of a crime as laid out in § 609 of the Fair Credit Reporting Act has created damages for the Plaintiff in way of ruining his

credit score, creating emotional distress, and denying him the rights of being a victim under the Act.

7. Under the Fair Credit Reporting Act, a consumer reporting agency has certain obligations in regards to cases of disputed accuracy under 15 U.S.C. § 1681i. *See* Section 611 of the Fair Credit Reporting Act.

    a. One procedure required is that Defendants conduct a reasonable investigation free of charge to determine whether the disputed information is inaccurate. Defendants have simply not done so.

    b. After listing the debt as "disputed," Defendants have failed to adequately investigate the legitimacy of the debt, even *after* being informed of the fraud that occurred by their agent.

    c. If after an investigation, it is determined that the information and debt is inaccurate, Defendants are required to promptly delete the item in dispute from the file of the consumer. If Defendants were to complete an investigation, they would find that the debt in question is without merit and would be required to delete said debt. They have not done so and are, thus, in violation of the Fair Credit Reporting Act in this regard as well.

8. Further, under 15. U.S.C. § 1681s-2, consumer reporting agencies have the obligation to not furnish information that a person knows or has reasonable cause to believe that the information is inaccurate. *See* § 623 of the Fair Credit Reporting Act.

    a. Given that Plaintiff made Defendants aware of the fraud that occurred by Toyota Motor Corporation's agent and also made GC Services Limited Partnership aware of such fraud, both Defendants have knowledge that the information contained in the debt is inaccurate and are in violation of this section of the Act as well. Additionally, Plaintiff has repeatedly told both Defendants that he disputes the debt in question.

9. Defendants who willfully fail to comply with the above provisions of the Fair Credit Reporting Act are civilly liable for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n.

    a. Plaintiff is requesting all actual damages sustained by the violations, $1,000 per violation, as well as reasonable attorney's fees for the following damages by the Plaintiff sustained by the Defendants violations of the Fair Credit Reporting Act:

        1. His credit rating has been changed from A++ to D;

        2. Spending limits have been placed on previous credit accounts as a result of poor credit scores reported by Defendants to credit reporting agencies;

    3.    After being advised the debt was disputed and that Plaintiff demanded the adverse credit reports be corrected, Defendants have failed and refused the requests.

## THIRD CLAIM – SEVERE EMOTIONAL DISTRESS

1.    Defendants engaged in the above conduct with the intent of causing Plaintiff severe emotional distress and distracting him from the pursuit of his professional career, and such conduct was without any legal or factual justification, privilege or immunity.

2.    Defendants conduct has caused severe emotional distress to Plaintiff, has distracted Plaintiff from the pursuit of his professional career, and otherwise caused him severe emotional distress.

    3.    The conduct by Defendant has damaged Plaintiff in the following particulars:

a.    Plaintiff has had to spend time away from his profession dealing with the legal issues surrounding this case;

b.    Plaintiff has had his credit fall to a D rating, rather than an almost perfect rating that he had before the wrongdoings of the Defendants;

c.    Plaintiff has not been able to lease other vehicles because of his credit rating;

d.    Plaintiff has not been able to pay for medical expenses for his wife, who is battling breast cancer, due to his poor credit score attributed directly to the wrongdoings of the Defendants;

e.    Plaintiff has been unable to refinance his house due to his poor credit score which is directly attributable to the Defendants; and

f.    Plaintiff has also otherwise had his peaceful enjoyment of life interfered with and his emotional status upset by Defendant's false and harassing conduct against him.

WHEREFORE, Plaintiff requests the Court enter judgment on the Complaint against Defendants, award him damages in an amount to be determined by a jury, award him $1,000 per violation under both the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, award him his costs, reasonable attorney's fees, all actual damages, witness fees, together with interest thereon as provided by law, and for such other and further relief as to the Court seems proper and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of the triable issues in this case.

Respectfully submitted this 7th day of November, 2012.

COOPER & CLOUGH, P.C.

By: *s/ Paul D. Cooper*
Paul D. Cooper
Tricia M. Laylock
1512 Larimer Street, Suite 600
Denver, Colorado 80202
Telephone: (303) 607-0077
Fax: (303) 607-0472
Email: pcooper@cooper-clough.com
Email: tlaylock@cooper-clough.com
**Attorneys for Plaintiff**

Address of Plaintiff:

255 Canyon Boulevard, #300
Boulder, Colorado 80302